State v. Hege

STATE OF NORTH CAROLINA v. JOHN THOMAS HEGE, JR.

No. 8518SC362

(Filed 17 December 1985)

Criminal Law § 91— prison inmate—request for speedy trial—failure to serve on prosecutor

A prison inmate was not entitled to have a felonious larceny charge pending against him dismissed under N.C.G.S. 15A-711(c) for failure of the State to try him on the larceny charge within six months of his request to the clerk of court for a speedy trial where the inmate failed to serve a copy of the request on the prosecutor as required by the statute. The State did not waive the provisions of N.C.G.S. 15A-711(c) by the issuance of a handbook by the N. C. Department of Corrections instructing inmates that they must file the request for trial only with the clerk of superior court.

APPEAL by the defendant from *Hairston, Judge.* Judgment entered 7 November 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 October 1985.

The defendant was tried for felonious larceny. When his case first came on for trial the defendant failed to appear because he was serving time on an unrelated misdemeanor charge. While this case was still pending the defendant asked the superintendent of his prison unit how to get the case into court. He was shown the "Rules and Policies" handbook, compiled by the North Carolina Department of Corrections, which purports to govern the management and conduct of inmates in North Carolina. Rule 14 of this handbook instructs inmates who have criminal charges pending against them to write to the Clerk of Superior Court of the courts in which the charges are pending if they want speedy trials. The handbook advises prisoners that these cases will be tried within six months of such a request. On 19 February 1984, the defendant wrote to the Clerk of Superior Court of Guilford County, where this charge was pending, asking for a speedy trial. No copy of the request was sent to the prosecutor responsible for the case. On several occasions after the defendant's request the prosecutor requested temporary release of the defendant. On these occasions the defendant was brought from his prison unit to the Guilford County Jail but jail officials failed to bring the defendant to court. On 20 August 1984 the defendant was brought to the Guilford County Jail where he remained for 64 days before making a mo-

tion to dismiss the felonious larceny charge on 24 October 1984. The trial court denied the motion to dismiss. On 7 November 1984 the defendant was found guilty of felonious larceny and was sentenced to five years in prison. He appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Assistant Public Defender George R. Clary III for defendant appellant.*

WEBB, Judge.

The sole question on this appeal is whether it was error not to dismiss this case for the failure of the State to bring the defendant to trial within six months of the date the request for a trial was delivered to the Clerk of Superior Court. The "Rules and Policies" handbook of the North Carolina Department of Corrections instructed the defendant that this would be the case. G.S. 15A-711 provides in part:

(a) When a criminal defendant is confined in a penal or other institution under the control of the State or any of its subdivisions and his presence is required for trial, the prosecutor may make written request to the custodian of an institution for temporary release of the defendant to the custody of an appropriate law-enforcement officer who must produce him at the trial. The period of the temporary release may not exceed 60 days. The request of the prosecutor is sufficient authorization for the release, and must be honored, except as otherwise provided in this section.

. . . .

(c) A defendant who is confined in an institution in this State pursuant to a criminal proceeding and who has other criminal charges pending against him may, by written request filed with the clerk of the court where the other charges are pending, require the prosecutor prosecuting such charges to proceed pursuant to this section. A copy of the request must be served upon the prosecutor in the manner provided by Rules of Civil Procedure, G.S. 1A-1, Rule 5(b). If the prosecutor does not proceed pursuant to subsection (a) within

six months from the date the request is filed with the clerk, the charges must be dismissed.

. . . .

This section requires that a prisoner must file a request for trial with the clerk and a copy of the request must be served on the prosecutor in the manner provided by G.S. 1A-1, Rule 5(b). No service on the prosecutor was had. The defendant did not comply with G.S. 15A-711(c) and he was not entitled to have the case dismissed under that section. The State did not waive the provisions of G.S. 15A-711(c) by the issuance of a handbook by the North Carolina Department of Corrections which instructs inmates that they must file the request for a trial only with the Clerk of Superior Court.

No error.

Judges JOHNSON and PHILLIPS concur.